IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DUKE FREDRICK CRANFORD,

    Plaintiff,

v.                                                    CASE NO. 1:06-cv-00182-MP-AK

FIRST JUDICIAL DISTRICT COURT
OF THE STATE OF NEVADA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff' civil rights complaint. Doc. 1. Plaintiff, who is presently incarcerated in Cross City Correctional Institution, seeks a new trial, if the videotape of a witness used against him in his 1977 trial for murder "is not produced for review of its prejudice." *Id*. The subject conviction occurred in the State of Nevada. *Id*.

According to Plaintiff,

> When the postconviction-relief hearing court realized that the evidence it sought to determine prejudice was disposed of prematurely by the State, denying its availability to the direct appeal court as well as the post-conviction hearing court, the court erred in not granting...the requested relief. The denial of the habeas petition by the First Judicial District Court suspended the writ and denied due process of law, in violation of the First, Fifth, and Fourteenth Amendments of the United States Constitution.

*Id*.

This is not the first time that Plaintiff has brought this claim to a federal court. In *Cranford v. Sumner*, 672 F.Supp. 453 (D.Nev. 1987), Plaintiff sought a writ of habeas corpus based, *inter alia*, on the ground that "the destruction or loss of the videotape after direct appeal has prejudiced the petitioner...." *Cranford*, 672 F.Supp. at 455. In rejecting this claim, the habeas court stated:

> The Court...is unaware of any identifiable constitutional right to have evidence preserved *ad infinitum*, and the petitioner has not cited the Court any authority which would indicate otherwise. The Court notes that the evidence was still in existence during the petitioner's direct appeal to the state supreme court, and that it was only after that appeal, apparently, that the tape was destroyed. Because of the trial record in this case, the Court is fully able to judge the petitioner's claims regarding the admissibility of the videotape and its effect on the petitioner's sixth amendment rights. In that the presence of the tape is unnecessary for this Court's review, the petitioner has not been prejudiced by the loss of the tape.

*Id*. at 457. Plaintiff appealed that ruling, but his appeal was dismissed as untimely. *See Cranford v. Godinez*, No. 92-16120, 1993 WL 241498, at *2 (9th Cir. July 2, 1993) (*Cranford II*). A second attempt to raise this issue as part of a cumulative error claim was likewise subsequently rejected. *Cranford II* at *2-3.

On this occasion, Petitioner has merely presented the identical videotape claim in a § 1983 package. When a prisoner who is in custody pursuant to a state conviction seeks to challenge either the fact of his conviction or the duration of his sentence, he must bring his claim pursuant to 28 U.S.C. § 2254. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). "Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson*, 541 U.S. at 643. In contrast,

see below

"constitutional claims that merely challenge the conditions of a prisoner's confinement...fall outside of that core and may be brought pursuant to § 1983 in the first instance." *Id*.

Instant Plaintiff's claim is plainly habeas in nature as it attacks the fact of his conviction. In this situation, the Court would usually transfer this case to the district of conviction, as it is generally the most convenient for witnesses should an evidentiary hearing be necessary. *See* 28 U.S.C. § 2241(d); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was appropriate venue over division of confinement in challenge to conviction); *Parker v. Singletary*, 974 F.2d 1562, 1582, n. 118 (11th Cir. 1992) (courts should give careful consideration to convenience of witnesses in transferring habeas corpus petitions under § 2241(d)).  However, in this case, which is clearly a third and successive petition for writ of habeas corpus, the Court chooses to retain this matter and recommend dismissal, as Plaintiff has not sought, much less received permission, to seek habeas relief once more.  Pursuant to 28 U.S.C. § 2244(b)(3)(A), this Court cannot consider a second or successive habeas petition until a panel of the Eleventh Circuit has authorized its filing.  There is no indication that Plaintiff has satisfied the requirements for filing this case, and thus, it is not properly before this Court for consideration.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the complaint, Doc. 1, be **CONSTRUED** as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254;

That the petition, Doc. 1, be **SUMMARILY DISMISSED AS AN**

"constitutional claims that merely challenge the conditions of a prisoner's confinement...fall outside of that core and may be brought pursuant to § 1983 in the first instance." *Id*.

Instant Plaintiff's claim is plainly habeas in nature as it attacks the fact of his conviction. In this situation, the Court would usually transfer this case to the district of conviction, as it is generally the most convenient for witnesses should an evidentiary hearing be necessary. *See* 28 U.S.C. § 2241(d); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was appropriate venue over division of confinement in challenge to conviction); *Parker v. Singletary*, 974 F.2d 1562, 1582, n. 118 (11th Cir. 1992) (courts should give careful consideration to convenience of witnesses in transferring habeas corpus petitions under § 2241(d)).  However, in this case, which is clearly a third and successive petition for writ of habeas corpus, the Court chooses to retain this matter and recommend dismissal, as Plaintiff has not sought, much less received permission, to seek habeas relief once more.  Pursuant to 28 U.S.C. § 2244(b)(3)(A), this Court cannot consider a second or successive habeas petition until a panel of the Eleventh Circuit has authorized its filing.  There is no indication that Plaintiff has satisfied the requirements for filing this case, and thus, it is not properly before this Court for consideration.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the complaint, Doc. 1, be **CONSTRUED** as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254;

That the petition, Doc. 1, be **SUMMARILY DISMISSED AS AN**

**UNAUTHORIZED SECOND OR SUCCESSIVE PETITION**.

**IN CHAMBERS** at Gainesville, Florida, this __**18th**__ day of October, 2006.

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**