IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DUKE FREDRICK CRANFORD,

    Plaintiff,
v.                                                CASE NO. 1:06-cv-00182-MP-AK

FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA,

    Defendant.

_____/

**O R D E R**

    This matter is before the Court on Doc. 5, Report and Recommendation of the Magistrate Judge, recommending that Plaintiff's 42 U.S.C. § 1983 action be construed as a collateral attack on his Nevada state conviction and summarily denied as an unauthorized successive petition. The Plaintiff filed objections, doc. 6, and attempts to file an amended complaint, doc. 7, without seeking leave to do so.

    Plaintiff, who is presently incarcerated in Cross City Correctional Institution, seeks a new trial, if the videotape of a witness used against him in his 1977 trial for murder "is not produced for review of its prejudice." Id.  The Court agrees with the Magistrate Judge that this claim has been brought in a previous habeas petition.  See Report and Recommendation, p. 2 (citing prior cases).  In his objections admits that he "has filed several petitions under 28 U.S.C. § 2254, and a couple of civil complaints under § 1983."  However, Plaintiff argues that " § 1983 is the correct venue used for challenging the deprivation of constitutional rights pertaining to procedural due process, and equal protection of the law."  Thus, this case is properly brought under § 1983.

    The Court disagrees.  When a prisoner who is in custody pursuant to a state conviction seeks to challenge either the fact of his conviction or the duration of his sentence, he must bring

his claim pursuant to 28 U.S.C. § 2254. Nelson v. Campbell, 541 U.S. 637, 643 (2004); Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). "Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." Nelson, 541 U.S. at 643.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. This action is DISMISSED, and the clerk is directed to close the file.

**DONE AND ORDERED** this  *18th*   day of April, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge